IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KANNYE JAMOL BUSH, #89646                                           PLAINTIFF

VERSUS                                   CIVIL ACTION NO.  3:06cv625-WHB-LRA

WARDEN "FNU" BREWER, LAWERENCE KELLY,
AND CHRISTOPHER EPPS                                               DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court, <u>sua</u> <u>sponte</u>, for consideration of dismissal.  Plaintiff

Kannye Jamol Bush, an inmate incarcerated in the Central Mississippi Correctional Facility,

Pearl, Mississippi, has filed this complaint pursuant to 42 U.S.C. § 1983.   The named defendants

are Warden "FNU" Brewer, Lawerence Kelly, and Christopher Epps.  The plaintiff seeks as relief

that his television that was destroyed be replaced or that he be reimbursed for the price of the

television.

<u>Background</u>

The plaintiff states that on April 21, 2006, his television was taken as ordered by

defendant Warden Brewer because it was considered contraband.  The plaintiff argues that the

Standard Operating Procedure fails to say anything about the "non-see-through" color television

being a non-allowable item.  The plaintiff contends that the same television as the plaintiff's was

sold for many years under the Mississippi Department of Corrections policy.  The plaintiff

complains that his television was unjustly taken and destroyed.

<u>Analysis</u>

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to

prisoner proceedings <u>in</u> <u>forma</u> <u>pauperis</u> and provides  that "the court shall dismiss the case at any

time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted in forma pauperis status Section 1915(e)(2) applies to the instant case.  As discussed below, the plaintiff's § 1983 action fails to state a claim on which relief may be granted.

It is clear that a complaint filed pursuant to 42 U.S.C. § 1983 is not cognizable absent the defendant's depriving the plaintiff of some right secured to the plaintiff by the Constitution or the laws of the United States.  See Baker v. McCollan, 443 U.S. 137, 140 (1979) (first inquiry in any section 1983 suit is whether the defendant has deprived the plaintiff of a right secured by the Constitution).

It is well settled that intentional deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate post deprivation remedies exist. Hudson v. Palmer, 468 U.S. 517 (1984).  This holds equally true for claims of negligent deprivation.  Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).  State law may provide an adequate post deprivation remedy.  See Hudson v. Palmer, 468 U.S. 517 (1984); Marshall v. Norwood, 741 F.2d 761, 763 (5th Cir. 1984).

The State of Mississippi provides at least three post-seizure remedies, including actions for conversion, claim and delivery, and replevin, any of which plaintiff can use to recover the property he insists was wrongfully taken from him.  Further, it has been held that "Mississippi' s post-deprivation remedies for civil IFP litigants satisfy due process."  Nickens v. Melton, 38 F.3d 183, 185 (5th Cir. 1994).  Since the state of Mississippi affords plaintiff an adequate post deprivation remedy for the alleged deprivation of his television, no due process violation exists and the plaintiff's assertion that the defendants have violated his constitutional rights is found to

be without merit.

<u>Conclusion</u>

As discussed above, the plaintiff has failed to present an arguable constitutional claim against these defendants.  Therefore, this case will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(ii), with prejudice.

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike".[1]   If  the plaintiff receives "three strikes" he will be denied <u>in</u> <u>forma</u> <u>pauperis</u> status and required to pay the full filing fee to file a civil action or appeal.

This the 16th day of February, 2007.


s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

---

[1]28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.